# EXHIBIT 1

# Summons & Complaint

| STATE OF NORTH CAROLINA | File No. |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>JEFFREY T. LEARDINI | |
|---|---|
| Address<br>c/o Miller Marshall Roth, Post Office Box 769 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip<br>Asheville, North Carolina 28802 | |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s)<br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION and<br>KAY CUNNINGHAM, in her individual and official capacities | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Charlotte-Mecklenburg Board of Education<br>c/o Dr. Peter C. Gorman, Superintendent<br>701 East Martin Luther King, Jr., Boulevard<br>Charlotte, North Carolina 28202 | Kay Cunningham<br>3420 Haywaynn Road<br>Charlotte, North Carolina 28269 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Philip J. Roth<br>Miller Marshall Roth<br>90 Southside Avenue<br>Asheville, North Carolina 28801 | Date Issued | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☒ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

| | | RETURN OF SERVICE | |
|---|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: ||||

**DEFENDANT 1**

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | Charlotte-Mecklenburg Board of Education |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

**DEFENDANT 2**

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | Kay Cunningham |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts



| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 09 CvS 13030 |

Received Superintendent's Office

JEFFREY T. LEARDINI,  )
            Plaintiff,  )
            v.  )
            )  **COMPLAINT**
CHARLOTTE-MECKLENBURG  )  (Jury Trial Demanded)
BOARD OF EDUCATION AND  )
KAY CUNNINGHAM, IN HER INDIVIDUAL AND  )
OFFICIAL CAPACITIES,  )
            Defendants.  )

NOW COMES THE PLAINTIFF, by and through his undersigned counsel, and alleges the following against the Defendants:

## I. PARTIES

1. The Plaintiff is a citizen and resident of Lancaster County, South Carolina.

2. The Defendant, Charlotte Mecklenburg Board of Education ("Board"), is a body corporate, charged by state law and elected by the citizens of the county to control and operate the public school system in the City of Charlotte and Mecklenburg County. That school system is known as the Charlotte-Mecklenburg Schools ("CMS"). Any sovereign immunity to which the Board may be entitled in claims of negligence is not applicable to the claims alleged in this matter. All actions of the Board complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

3. At all times relevant to this action Defendant Kay Cunningham was employed by the

Charlotte Mecklenburg Board of Education in its Human Resources Department. She was considered to be a public employee, as opposed to a public official, with regard to all matters in this lawsuit and is sued as an individual as well as in her official capacity as an agent of the Board. To the extent she is deemed by this court to be a public official for purposes of her actions alleged in this complaint, she deliberately and intentionally violated the Plaintiff's constitutional rights and acted with reckless, willful and wanton disregard of his rights, piercing any public official immunity that might apply to her conduct. All actions of Cunningham complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

## II. JURISDICTION

4. The Superior Court has jurisdiction over this matter pursuant to N.C.G.S. § 7A-240 *et seq*. Plaintiff seeks damages in excess of $10,000. Plaintiff seeks damages and equitable relief pursuant to 42 U.S.C. § 1983 for the violations of his constitutional rights. The Superior Court has jurisdiction over claims brought under 42 U.S.C. §1983.

## III. FACTS

5. The Defendant Board employed Plaintiff as a school teacher beginning in 1998, awarded him tenure after five years of teaching, and consistently gave him good performance evaluations.

6. In the 2005-06 school year, Plaintiff taught Language Arts to Sixth Graders at Community House Middle School. He was a successful teacher by all objective measures.

7. In the fall of 2005, a student doing poorly in his class transferred out of Plaintiff's class and then falsely claimed to others that he had acted towards her in a sexual manner, including grabbing her breasts. Plaintiff asked the administration at the school to deal with this terrible accusation, but the administration let the matter slide.

8. Upon information and belief, in late April 2006, a group of four female students who were friends with the first accuser made allegations against the Plaintiff to a school counselor; to wit: that Plaintiff would massage the girls' necks, ears, shoulders and backs; put his hand on their bare thighs; and send them inappropriate emails. Following that meeting, the four students were seen laughing and bragging to other students that "something big" was going to happen. The ostensible leader of this group had a reputation for untruthfulness.

9. On April 27, 2006, Plaintiff was confronted by Defendant Cunningham, who came to the school to participate in an investigation into the allegations raised by the four students.

10. Plaintiff met with the Defendant Cunningham to discuss the accusations and to learn from her that there were reportedly five students making accusations against him.

11. Plaintiff was dumbfounded. Although he admitted that he sometimes engaged in physical contact in a playful manner with both male and female students, he did so – always in the presence of other students, teachers or parents – for the purpose of helping his students to feel comfortable and otherwise ease their stress. He also stated that he had never done anything he thought inappropriate. He admitted that, in the presence of another teacher, he had "horse-played" with a student in the hallway that very week. He was astonished to be told he had been accused of lifting this student over his head.

12. In the course of Plaintiff's discussions with the human resource officer, Defendant Cunningham *falsely* told the Plaintiff that CMS had a "no touch" rule and that, having already admitted to physical contact with his students, he had violated the purported rule and was now in no position to defend against being dismissed as a teacher. Defendant Cunningham then went on to tell the Plaintiff – also *falsely* – that the Plaintiff could resign, but that he had only that day to do so or face certain termination by CMS.

13. At the time of this discussion with Defendant Cunningham, the Plaintiff was unaware of the fact that CMS did not have a "no touch" rule and assumed Defendant Cunningham was telling him the truth. Plaintiff was also unaware that he was entitled by statute to a full due process hearing *before* the Superintendent was even in a position even to *recommend* to the Board that the Plaintiff be terminated. Nor did the Plaintiff realize that the burden of proof at such a hearing would be on the administration. Defendant Cunningham did not apprise the Plaintiff of these facts.

14. Upon information and belief, Defendant Cunningham made the false and fraudulent representations about CMS's rules and Plaintiff's option to resign that day or be fired for the purpose of inducing Plaintiff to resign. Upon further information and belief, CMS's HR department has a practice of coercing its employees into making such personally and professionally adverse decisions without explaining their statutory rights.

15. As a further inducement to Plaintiff to resign, Defendant Cunningham asserted further that if he resigned immediately *that day only*, she could arrange for CMS to pay him through the end of the school year; conversely, if he was dismissed he would otherwise not receive any pay. Married and supporting his family – and believing Defendant Cunningham's false statements – Plaintiff signed a resignation form at the conclusion of his meeting with Defendant Cunningham, at which point Defendant Cunningham left the room.

16. Shocked and dazed, Plaintiff remained in the room after Cunningham's departure at which time a fellow teacher arrived. After Plaintiff related to his colleague what had just transpired moments earlier, the colleague informed Plaintiff that he had the aforementioned due process rights and that he should not resign.

17. Having been out of the room for no more than two minutes, Defendant Cunningham returned to it at which time Plaintiff told her that he had changed his mind and he did not wish to

resign.

18. Defendant Cunningham *falsely* told him that he could not withdraw his resignation because he had signed the document. Upon information and belief, however, Plaintiff's resignation had not yet been presented to, or accepted by, the Superintendent and was therefore of no legal effect. Moreover, the resignation had obviously been procured under false pretenses.

19. Instead of allowing Plaintiff to withdraw his resignation and afford himself of the opportunity for a hearing regarding the spurious allegations, Plaintiff was instead escorted from the school and told he could not return. His resignation was then broadcast in the media, making him look guilty of the allegations against him.

20. A week later, Defendant Cunningham contacted Plaintiff. She stated that, contrary to offering to continue paying his salary through the end of the school year if he resigned, CMS would not pay him through the school year. Plaintiff responded that he wanted to rescind his resignation and fight his termination. Cunningham withdrew her attempt to modify the payments, and CMS made them to Plaintiff through the end of the school year.

21. The one student with the reputation for dishonesty then brought criminal charges of sexual battery against the Plaintiff. Plaintiff was acquitted of the charges.

### First Claim For Relief
### (Due Process)

22. All prior paragraphs are incorporated by reference.

23. It has long been established under the Fourteenth Amendment to the federal Constitution that a tenured public school teacher has a protected property interest in his continued employment. That property interest can only be taken from someone situated like the Plaintiff upon written notice of the charges and the opportunity to request a full due process hearing on those charges.

24. Acting under color of state law, the Defendants violated Plaintiff's constitutional right to procedural due process by not informing him of his due process rights but, instead, making intentionally false statements and threats to coerce Plaintiff to resign. It then refused his nearly immediate request to withdraw that resignation, falsely claiming that he could not do so.

25. As a direct result of this deliberate violation of Plaintiff's constitutional rights, Plaintiff has suffered lost wages, has lost his professional standing, and has suffered public humiliation and emotional distress. He seeks and is entitled to damages in excess of $10,000.

26. The actions of the Defendant Cunningham in misleading the Plaintiff into resigning were deliberate, intentional and taken in heedless disregarded of the Plaintiff's constitutional rights. Plaintiff is entitled to punitive damages for her actions.

27. Plaintiff's right to procedural due process has clearly established for over 30 years, precluding any claim of qualified immunity on the grounds that the constitutional principals at issue were not clearly established.

### SECOND CLAIM FOR RELIEF
### (TORTUOUS INTERFERENCE WITH EMPLOYMENT)

28. All prior paragraphs are incorporated by reference.

29. Defendant Cunningham's fraudulent and misleading conduct induced the Plaintiff to resign, and by falsely claiming that Plaintiff could not withdraw his resignation, continued to interfere tortuously with his contract of employment with the Board. Though Cunningham might not be considered an "outsider" to the contract, her misconduct subjects her to liability in her individual capacity on this claim.

30. As a direct result of Cunningham's tortious interference, Plaintiff lost a career contract of employment. He seeks and is entitled to damages in excess of $10,000.

31. Because Cunningham's conduct was deliberate and fraudulent, Plaintiff seeks and is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF
### (FRAUD)

32. All prior paragraphs are incorporated by reference.

33. Defendant Cunningham committed actionable fraud in making false and misleading statements to Plaintiff to induce him to surrender his career status and his right to hearing in order to save the Board the considerable costs of such hearing and appeals and to bolster its image in the community.

34. As a result of Cunningham's fraud, the Board gained financially while the Plaintiff suffered loss of a career contract of employment as well as emotional distress and humiliation. He seeks and is entitled to compensatory damages in excess of $10,000.

35. Because Cunningham's conduct was deliberate and fraudulent, Plaintiff seeks and is entitled to punitive damages.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENCE)

36. Defendant Cunningham owed Plaintiff a duty to act reasonably in investigating the allegations against him. She breached that duty by failing to explain to Plaintiff his due process rights and, instead, misled him into resigning.

37. As a proximate result of that breach, the Plaintiff lost career employment with the school district, as well suffered emotional distress and humiliation. He seeks and is entitled to damages in excess of $10,000. Defendant Cunningham is sued in her individual capacity as a public employee on this claim.

## VII. PRAYER FOR RELIEF

Upon the trial of this matter, Plaintiff prays that the Court enter the following relief:

1. Trial by jury on all issues so triable;

2. Compensatory damages in excess of $10,000;

3. Punitive damages against the Defendant Cunningham in her individual capacity;

4. Reinstatement as a career status teacher;

5. The costs of this action including attorneys' fees; and

6. Any further relief the Court deems just and necessary.

Respectfully submitted, this the 22nd day of May, 2009.

MILLER MARSHALL ROTH, PC

_____
PHILIP J. ROTH
N.C. Bar No. 022765
*Co-Counsel for Plaintiff*
Post Office Box 769
Asheville, North Carolina 28802
(828) 281-2100 telephone
proth@mmrlawfirm.com

FERGUSON, STEIN, CHAMBERS,
   GRESHAM & SUMTER, P.A.

_____
S. LUKE LARGESS
N.C. Bar No. 017486
*Co-Counsel for Plaintiff*
Post Office Box 36486
Charlotte, North Carolina 28236
(704) 375-8461 telephone
llargess@fergusonstein.com