IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-264

JEFFREY T. LEARDINI,          )
                              )
    Plaintiff,            )
                              )
vs.                           )     ORDER
                              )
CHARLOTTE-MECKLENBURG         )
BOARD OF EDUCATION and        )
KAY CUNNINGHAM, in her individual )
and official capacities,      )
                              )
    Defendants.           )
_____)

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [D.I. 14], Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [D.I. 22], and Defendants' Reply [D.I. 26]. For the reasons laid out below, Defendants' Motion for Summary Judgment as to their statute of limitations defense is **DENIED**. The Court will issue a subsequent order dealing with the merits of the Defendants' other summary judgment arguments.

**I. Background**

Plaintiff was a teacher with the Charlotte-Mecklenburg Schools. He resigned from his position on April 27, 2006 amid allegations of inappropriate contact with students. Plaintiff filed suit on March 6, 2008 in Mecklenburg County Superior Court, alleging violations of federal law under 42 U.S.C. § 1983 and state law violations of tortious interference with employment, fraud and negligence. Defendants removed the case to federal court. On June 9, 2008, the Parties stipulated to a voluntary dismissal without prejudice. Plaintiff then filed the current action on

1

June 3, 2009 [D.I. 1] in Mecklenburg County Superior Court, alleging identical claims from the 2008 action. Defendants removed the case to this Court and filed their Answer on July 1, 2009 [D.I. 3]. Defendants filed a Motion for Summary Judgment on September 20, 2010 alleging that the Plaintiff's claims were barred by the statute of limitations, or in the alternative, that there is no genuine issue of material fact and that summary judgment is therefore appropriate. The Court finds that the Defendant's statute of limitations defense fails and therefore that portion of their summary judgment motion is **DENIED**.

## II.  Statute of Limitations

Both parties acknowledge the applicable statutes of limitations governing the Plaintiff's claims are three years. North Carolina's personal injury statute of limitations of three years governs Plaintiff's federal § 1983 claim. See Wallace v. Kato, 549 U.S. 384, 387 (2007); N.C. Gen. Stat. § 1-52. The statute of limitations in North Carolina for tortious interference, fraud and negligence is also three years. N.C. Gen. Stat. § 1-52; White v. Consol. Planning, Inc., 603 S.E.2d 147, 164 (N.C. App. 2004). The issue in the case at bar is whether or not the one-year savings provision of North Carolina's Rule 41(a)(1) is applicable here.

Under the North Carolina Rules of Civil Procedure, if a plaintiff voluntarily dismisses a filed action without prejudice, the Rules allow a new action on the same claim to be filed within one year of the dismissal, even if otherwise barred by the statute of limitations. Rules Civ. Proc., G.S. § 1A-1, Rule 41(a)(1). The Federal Rules of Civil Procedure have no analogous savings provision. Defendants urge the Court to apply Federal Rule of Civil Procedure 41 instead of North Carolina Rule 41 and bar the Plaintiff's claims because the Plaintiff's § 1983 claim gives rise to this Court's federal question jurisdiction and thus the Federal Rules of Civil Procedure

should apply. The Court disagrees. The Defendants' argument ignores United States Supreme Court precedent directly on point.

In Board of Regents of the University of the State of New York v. Tomanio, the Supreme Court found that "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983…[w]hen such a void occurs, this Court has repeatedly "borrowed" the state law of limitations governing an analogous cause of action." 446 U.S. 478, 483-84 (1980). The Court went on that "[i]n § 1983 actions… a state statute of limitations *and the coordinate tolling rules*…[i]n most cases, are binding rules of law." Id. at 484 (emphasis added). In Tominio, the Supreme Court applied the New York law of tolling, rather than "an ad hoc federal rule" to bar the respondent's action. Id. at 492. Likewise, in Hardin v. Straub, the Supreme Court applied the state statute of limitations and state tolling law to the petitioner's claim, overturning the Sixth Circuit Court of Appeals' decision that the petitioner's claim was barred by the statute of limitations. 490 U.S. 536 (1989). "'In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival and questions of application.' Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue." Id. at 539 (quoting Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975)).

The Supreme Court has been clear that both the state's statute of limitations and the state's "provisions regarding tolling, revival and questions of application" should be applied to § 1983 actions. Id. North Carolina's savings provision under Rule 41(a) falls into this category of provisions and therefore should be applied. The Defendants argue that applying North Carolina

3

Rule 41(a) would ignore holdings of the North Carolina Supreme Court. This argument is unpersuasive. The two cases cited by Defendants, Bockweg v. Anderson and Renegar v. RJ Reynolds Tobacco Co., are simply inapposite. First and most importantly, neither case deals with § 1983. Second, in both cases the *plaintiff* brought suit in federal court; whereas here, the Defendant removed the case to this court.

In Renegar, the Plaintiff filed a civil action initially in the United States District Court for the Middle District of North Carolina, alleging discrimination under Title VII and the Americans with Disabilities Act, a violation of the federal Family and Medical Leave Act, and various violations of the United States Constitution. Renegar v. RJ Reynolds Tobacco, 549 S.E.2d 227 (N.C. App. 2001). After the parties stipulated to a dismissal without prejudice under Federal Rule of Civil Procedure 41, the plaintiff filed a new claim of wrongful discharge (not part of his previous federal complaint) in state court. The court held that North Carolina Rule of Civil Procedure 41 did not apply, because the plaintiff "by his own admission brought his federal action pursuant to the court's federal question jurisdiction…the effect of the voluntary dismissal of plaintiff's federal action upon his state action was governed by Federal Rule 41, which contains no savings provision." Id. at 83. Additionally, the plaintiff's wrongful discharge claim was not part and parcel of the original claim, and would not have been saved by the North Carolina savings provision even if the North Carolina rules applied. Id. at 84. In Bockweg v. Anderson, the North Carolina Supreme Court was faced with a case where the plaintiff brought suit in federal court on diversity grounds, claiming medical malpractice. 328 N.C. 436 (1991). The court held that a "plaintiff who stipulates to a voluntary dismissal, without prejudice, of a timely filed action in a federal court sitting in diversity jurisdiction and applying North Carolina

4

substantive law, and refiles the action in a North Carolina state court, may invoke the one-year savings provision. . . ." Id. at 450.

Neither of these cases precludes the application of the North Carolina savings provision to the case at bar. Bockweg was a diversity case where the savings clause was applied. The court in Renegar recognized that Bockweg, unlike this case, "did not address supplementary jurisdiction of a federal court over a state action." Renegar, 549 S.E.2d at 231. Renegar involved a completely separate state law claim from the plaintiff's original federally based claims. In each case, the plaintiff chose the federal forum. Here, the Defendants chose the federal forum and gave this Court supplemental jurisdiction over the Plaintiff's state law claims, but then want to preclude Plaintiff from his state law remedies to which he would have been entitled had the case remained in state court. More importantly, the Plaintiff's federal claim upon which this Court's federal jurisdiction rests is a § 1983 action, for which the United States Supreme Court has consistently applied the state statute of limitations and relevant state tolling provisions.

The Court finds the Fourth Circuit case cited by Defendants similarly inapposite. Lewis v. Richmond City Police Department involved an incarcerated *pro se* petitioner and whether his complaint was "filed" under the Federal Rules of Civil Procedure when the petitioner gave the complaint to authorities for mailing. 947 F.2d 733, 734 (1991). The Fourth Circuit found the complaint was effectively "filed" when it was handed over to prison officials—a "rule of equal treatment, seek[ing] to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome." Id. at 735. While the Circuit did say in dicta that "[i]n federal question cases, although the limitations period is borrowed, the tolling provisions

*generally* are not," the court was dealing with a drastically different fact set and issues of fairness and equity not present in this case; additionally, the actual holding of the case deals with the date of filing by a *pro se* incarcerated litigant. Id. at 734. Like Renegar and Bockweg, Lewis is distinguishable and does not change the foregoing analysis. Defendant's Motion for Summary Judgment on the basis of the statute of limitations is therefore **DENIED.**

**SO ORDERED.**

Signed: March 28, 2011

Graham C. Mullen
United States District Judge