IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-264

| | |
|---|---|
| JEFFREY T. LEARDINI, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION and KAY CUNNINGHAM, in her individual and official capacities, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion in Limine [D.I. 35], Plaintiff's Response in Opposition to Defendants' Motion in Limine [D.I. 39], and Defendants' Reply [D.I. 40]. For the reasons set forth below, the Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff was a sixth grade teacher with the Charlotte-Mecklenburg school system ("CMS"). Plaintiff began teaching elementary school with CMS in 1998. Plaintiff earned tenure with CMS in 2002, after four full years of teaching. In 2005, Plaintiff applied and was accepted to teach sixth grade language arts at a new CMS middle school, Community House. Two to three weeks into the 2005-2006 school year, two female sixth grade students complained that the Plaintiff was touching them (rubbing their shoulders, putting his hand on their heads, squeezing their rib cages) and making them feel uncomfortable. Plaintiff's principal, Gif Lockley, expressed these concerns to Plaintiff and Plaintiff apologized to the students.

1

On April 26, 2006, four students complained that Plaintiff was touching them and making them feel uncomfortable. These four students approached the school's guidance counselor, Erica Mark, about the touching incidents and were subsequently interviewed by school officials. The guidance counselor notified the principal, Gif Lockley, who in turn notified Kay Cunningham, the CMS Employee Relations Specialist assigned to Community House. The disputes in this lawsuit concern the meeting that took place on April 27, 2006 between the Plaintiff and Ms. Cunningham and related follow up between the parties.

During the meeting between the Plaintiff and Cunningham, at which Erica Mark was also present, Cunningham explained some students had made allegations of inappropriate touching against the Plaintiff. Cunningham questioned Plaintiff about the specific allegations, some of which he admitted (putting his hand on students' shoulders, picking up a student, sending personal instant messages with students when the students initiated the contact) and some of which he denied (snapping a student's bra strap, rubbing a student's thigh, placing his hand on a student's thigh). Plaintiff alleges that Cunningham informed him that CMS maintained a "no-touch" policy, and his admissions made him subject to termination. Cunningham gave Plaintiff three options in light of the accusations and his admissions: (1) suspension with pay, pending an investigation by law enforcement; (2) resign effective immediately; or (3) resign effective the end of the school year. Plaintiff asserts Cunningham told him there were unlikely to be circumstances under which he would keep his job if he chose suspension with pay, and that if he resigned, he could do so "in lieu of" a law enforcement investigation. Additionally, his record would not show he was terminated for cause.

Plaintiff decided to resign effective the end of the year in order to receive his salary through the end of the school year and not undergo an investigation or have a termination on his

record. Cunningham gave Plaintiff a resignation form to fill out, which he signed. Plaintiff checked "job dissatisfaction" as his reason for leaving and put June 14, 2006 as the date he wished to resign. Cunningham had the authority to accept an employee's resignation. After Plaintiff signed the form, Cunningham left the room. During her absence, Plaintiff spoke with Mary McCray, the teacher representative at Community House for CMAE, an employee association. He explained the situation to her and she advised him to rescind his resignation and request suspension with pay, which would require CMS to prove the allegations against him. Plaintiff claims that when Cunningham returned, he requested to rescind his resignation and she refused to allow him to do so. Cunningham claims that she does not recall the Plaintiff making such a request, and that she did not have the authority to allow Plaintiff to rescind his resignation; any such request would have had to go through Plaintiff's principal, Gif Lockley.

Plaintiff was escorted off the property after the completion of the meeting. On May 1, 2006, Cunningham called him to tell him that CMS would not be able to pay him through the end of the school year. Plaintiff claims he reiterated his desire to rescind his resignation if that were the case. Cunningham told him she would call him back regarding his proposal; the next day, she left a message that CMS would pay him through the end of the school year.

Plaintiff filed suit on March 6, 2008 in Mecklenburg County Superior Court, alleging violations of federal law under 42 U.S.C. § 1983 and state law violations of tortious interference with contract, fraud and negligence. Defendants removed the case to federal court on April 7, 2008. On June 9, 2008, the Parties stipulated to a voluntary dismissal without prejudice. Plaintiff then filed the current action on June 3, 2009 [D.I. 1] in Mecklenburg County Superior Court, alleging identical claims from the 2008 action. Defendants removed the case to this Court and filed their Answer on July 1, 2009 [D.I. 3]. The Court denied the portion of Defendants'

3

Motion for Summary Judgment alleging that Plaintiff's claims were barred by the statute of limitations. [D.I. 31]. The Court also denied the portion of Defendants' Motion for Summary Judgement regarding Plaintiff's substantive claims. [D.I. 32].

## II. Applicable Rules of Evidence

Rule 402 of the Federal Rules of Evidence states that evidence is not admissible if it is not relevant. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Rule 401 defines 'relevant evidence' in the widest possible terms. Evidence is relevant if it has any tendency to prove or disprove the existence of a consequential fact. Rule 401's definition, therefore, implies a liberal standard of admissibility." *1-6 Weinstein's Evidence Manual § 6.01*.

> The liberality with which the courts interpret relevance for admissibility purposes means that any evidence that might affect the finder of fact's judgment concerning the existence of a consequential fact is potentially relevant. Thus, evidence concerning the credibility of a witness is relevant because it might affect the finder of fact's determination of the weight to attach to the witness's testimony regarding matters of significance to the determination of the action. Background evidence may be relevant, although it might not relate to a consequential fact, so long as it is of some assistance to the trier of fact in assessing the probative value of other evidence offered to affect the probability of the existence of a consequential fact. *Id*.

Additionally, "[t]he intent with which an act was done may be proved by the declarations of the party concerned, or by facts and circumstances from which the existence of the intent may be reasonably inferred." *Stuart v. Hayden*, 169 U.S. 1, 9 18 S.Ct. 274 (1898).

Rule 403 of the Federal Rules of Evidence provides for the exclusion of relevant evidence upon circumstances where the prejudicial value of the proffered evidence substantially outweighs the probative value of that evidence. "Although relevant, evidence may be excluded

4

if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 requires exclusion of evidence "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995) (internal quotation marks omitted).

There are additional relevance issues in a case seeking punitive damages. "[W]hen a jury are called upon to give smart-money or damages, beyond compensation, to punish the party guilty of the wrongful act... all the facts and circumstances which tend to explain or disclose the motives and design of the party committing the wrongful act, are evidence which should go to the jury for their due consideration." *Beckwith v. Bean*, 98 U.S. 266, 277 (1879).

As to the possibility of prejudice, "all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice..." *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990). The Fourth Circuit characterizes "unfair prejudice as the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Id* (internal citations omitted).

### III. Discussion of Topics that Defendants Seek to Exclude

**A. Former CMS Employee Jimmie Grubbs**

Defendants first request that the Court exclude the introduction of any evidence regarding former CMS employee Jimmie Grubbs. In support of this request, Defendants argue that the Grubbs evidence is irrelevant, that its probative value is substantially outweighed by the

danger that it will confuse or mislead the jury, and that such evidence may cause undue delay in the trial. Fed R. Evid. 402, 403.

Grubbs is a former CMS middle school teacher [D.I. 21-10] who was indicted for several sex crimes involving a minor. [D.I. 21-9]. The local media criticized CMS for its handling of the Grubbs matter. [D.I. 21-11]. The events involving Grubbs occurred prior to Plaintiff's meeting with Defendant Cunningham. As a result of the Grubbs case, CMS Law Enforcement changed its policy to require reporting of any allegations of student touching to DSS.

The Court will not exclude the introduction of evidence regarding the Grubbs matter. Evidence of the Grubbs matter is relevant to the motives and intentions of Defendant Kay Cunningham in her handling of Plaintiff's resignation. Motive or intent of a Defendant are relevant to both a § 1983 claim and to several of the state law causes of action brought by the Plaintiff. Furthermore, the Grubbs matter impacted the way that CMS handles certain issues such as allegations of inappropriate touching by a CMS teacher. Evidence of the Grubbs matter is not unfairly prejudicial because it is unlikely to "excite the jury" to an improper conclusion. *See Simpson*, 910 F.2d at 158.

For the aforementioned reasons, this portion of Defendants' Motion in Limine is DENIED.

### B. Plaintiff's Attempts to Rescind His Resignation

Defendants argue that Plaintiff's attempts to rescind his resignation should be excluded because the rescission attempts are irrelevant and are substantially outweighed by the likelihood of confusion of the issues by the jury and unfair prejudice to the Defendants. Fed. R. Evid. 402, 403. In the alternative, Defendants argue that any evidence of Plaintiff's efforts at rescission should be limited to the fact that he asked to rescind. In support of their alternative position,

Defendants argue that the details of Plaintiff's rescission attempts are irrelevant, pose the genuine risk of unfair prejudice to the Defendants, would tend to confuse the jury, and may cause undue delay of the trial. Fed. R. Evid. 402, 403.

The Court finds Defendants arguments unconvincing. The Fourth Circuit expressed is sensitivity to the relevance of rescission in determining whether a resignation is voluntary. *See Stone v. Univ. Of Md. Medical Corp.*, 855 F.2d 167, 178 (4th Cir. 1988) ("Any lingering doubts we might have about the voluntariness of Stone's resignation are allayed by consideration of his conduct following it. In the five months between his decision to resign and the filing of this lawsuit, he did not make any effort to rescind his resignation or to request a hearing on the charges against him."). Here, Leardini allegedly asked to rescind his resignation minutes after tendering it and again several days later during a telephone conversation with Cunningham. There is a dispute as to whether these rescission attempts occurred at all. Thus, Leardini's attempts to rescind are relevant to the issues of witness credibility and to whether Defendants complied with CMS policy in handling the rescission attempts. Evidence of the rescission attempts is also relevant to Defendant Cunningham's motives and intentions, and therefore relevant to several of the claims brought individually against her.

For the aforementioned reasons, this portion of Defendants' Motion in Limine is DENIED.

**C. Evidence of Plaintiff's Performance as a Teacher at Other Schools**

Defendants request that the Court exclude evidence regarding Leardini's performance at other CMS schools prior to his employment at Community House. In support of this request, Defendants argue that such evidence is irrelevant and may cause undue delay in the trial. Fed. R. Evid. 402, 403.

Evidence regarding Plaintiff's performance as a teacher at other schools will not be excluded. Such evidence is relevant to the context of the meeting between Plaintiff and Defendant Cunningham in which Plaintiff tendered his resignation. Furthermore, such evidence is relevant if the Defendants are left with the burden at trial of proving that Plaintiff would have been terminated by CMS at a due process hearing.

For the aforementioned reasons, this portion of Defendants' Motion in Limine is DENIED.

**D. Any Attempts by Plaintiff to Discredit the Four Community House Students**

Defendants request that the Court exclude evidence attacking or challenging the credibility of the four female Community House students who complained about Plaintiff's touching in April of 2006. In support of this request, Defendants argue that such evidence is irrelevant because Defendant Cunningham never made a credibility determination and any possible probative value of such evidence is substantially outweighed by the likelihood that the jury will become confused about whether Plaintiff's resignation was fair because one girl might not be trustworthy. Fed. R. Evid. 402, 403.

The Court will not place a blanket exclusion on evidence regarding the credibility of the four female students who complained about Plaintiff's touching. Such evidence is relevant to the context of Plaintiff's meeting with Defendant Cunningham and would be relevant in a due process hearing as to the validity of the allegations made against the Plaintiff. Such evidence is also relevant if the Defendants are left with the burden at trial of proving that Plaintiff would have been terminated by CMS at a due process hearing.

For the aforementioned reasons, this portion of Defendants' Motion in Limine is DENIED.

### E. The Results of Plaintiff's Criminal Case

Defendants request that Plaintiff be precluded from introducing evidence of his criminal trials or of the fact that he was acquitted of the criminal charges against him regarding his physical contact with Community House students. In support of this request, Defendants argue that the acquittal is irrelevant and should also be excluded on grounds that any probative value is substantially outweighed by the genuine risk that the jury will be confused and think that the verdict established that Plaintiff did not violate the policy. Fed. R. Evid. 402, 403. Defendants also argue that there is a risk that the jury will unduly sympathize with the Plaintiff because of the experience he endured in being tried criminally. Fed. R. Evid. 403.

The Court agrees with Defendants' position. Evidence regarding Plaintiff's criminal trial and acquittal is irrelevant to the issue of whether he resigned voluntarily. Such evidence is also irrelevant to the issues involved in Plaintiff's state law claims against Defendant Cunningham individually. Furthermore, the probative value of such evidence would likely be substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury. Evidence of Plaintiff's criminal case is unfairly prejudicial because it is likely to "excite the jury" to an improper conclusion. *See Simpson*, 910 F.2d at 158.

For the aforementioned reasons, this portion of Defendants' Motion in Limine is GRANTED.

## IV. Conclusion

For the reasons set out herein, Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion is **GRANTED** insofar as the Court orders that the Plaintiff be precluded from introducing evidence of his criminal trial or of the fact that he

was acquitted of the criminal charges against him regarding his physical contact with Community House students. Defendants' Motion is otherwise **DENIED**.

**IT IS SO ORDERED**.

Signed: February 2, 2012

Graham C. Mullen
United States District Judge