IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-264

| | |
|---|---|
| JEFFREY T. LEARDINI, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION and KAY CUNNINGHAM, in her individual and official capacities, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law [D.I. 63, 64], Plaintiff's Response [D.I. 68], and Defendants' Reply [D.I. 71]. For the reasons set forth below, the Defendants' Motion is DENIED.

**I. BACKGROUND**

The trial in this matter resulted in a verdict against Defendants on both claims: the § 1983 due process violation against both Defendants and negligence by Defendant Cunningham.

Defendants now move for a new trial under Rule 59 of the Federal Rules of Civil Procedure for several reasons. First, Defendants claim that the Court committed a substantial and prejudicial error by instructing the jurors that they could consider Plaintiff's criminal prosecution and acquittal in awarding damages. Second, Defendants claim that the Court committed substantial error in refusing to instruct the jury on contributory negligence. Third, Defendants claim that the Court committed substantial error in refusing to instruct the jury on

1

Defendants' affirmative defense, that Plaintiff would have been dismissed if he had been given a hearing, to the § 1983 claim. Finally, Defendants claim that the Court committed plain error in the jury verdict form because Question 1 omitted the elements or misrepresentation or coercion and the element of intent, and Question 5, according to Defendants, assumed that Defendant Cunningham was negligent without asking the jury to find the elements of negligence.

Additionally, Defendants make a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the issue of municipal liability and on all grounds stated in the Rule 50(a) Motion for Judgment as a Matter of Law previously filed [D.I. 56].

The Court will first address Defendants' Rule 59 arguments and then proceed to address Defendants' Rule 50(b) arguments.

## II. STANDARD OF REVIEW - NEW TRIAL (RULE 59)

Pursuant to Rule 59, the Court may grant a new jury trial "for any reason which a new trial has heretofore been granted in an action at law in a federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial is necessary where "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would permit the direction of a verdict." *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2000). A new trial can be needed when the trial judge created a substantial error in giving the jury instructions or when the instructions, taken as a whole, either were misleading to the jury or incorrectly stated the law. *See Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891-92 (4th Cir. 1980). In considering the motion, the Court should not substitute its own judgment of facts and witness credibility, particularly where the subject matter of the trial is easily comprehended by a lay jury.

*Connor v. Shrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 201 (4th Cir. 2000); *see also Abasiekong v. City of Shelby*, 744 F.2d 1055, 1059 (4th Cir. 1984).[1] The decision to grant or deny a motion for a new trial "rests with the sound discretion of the district court[.]" *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994).

**III. ANALYSIS OF DEFENDANTS' RULE 59 MOTION**

    **1. The Jury Instructions Were Proper As a Whole**

Defendants first ask for a new trial on the ground that the jury was instructed that it could not consider Plaintiff's criminal charges and acquittal in deciding liability, but that it could consider them in awarding damages. Defendants challenge the following instruction:

> You've heard the testimony at this trial that Mr. Leardini was charged with and eventually acquitted of the violation of some criminal statutes. I instruct you that the fact that Mr. Leardini was found not guilty of criminal conduct has no bearing on this case on the issue of liability and may have some bearing as to the issue of damages.

(Tr. 2/24/2012 p. 83). The standard for challenging this instruction is as follows: "Instructions will be considered adequate if construed as a whole, and in light of the whole record, [they] adequately [informed] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the existing party." *King v. McMillan*, 594 F.3d 301, 311 (4th Cir. 2010) (*citing Rowland v. Am. Gen. Fin., Inc.,* 340 F.3d 187, 191 (4th Cir. 2003)).

The Court ruled in pre-trial motions that evidence of Plaintiff's criminal prosecution would not be admitted at trial. Plaintiff moved the Court to reconsider and the Court granted

---

[1] Defendants contend that the Court may weigh the evidence and credibility. *See Bryant v. Aiken Regional Med. Ctrs. Inc.,* 333 F.3d 536, 543 (4th Cir. 2003). However, the Court should grant a new trial only if "1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice. *Id* (*citing* Fed. R. Civ. P. 59). The three scenarios described *Bryant* are not present here, and thus the Court finds it unnecessary to weigh evidence and judge witness credibility in the manner suggested by Defendants.

Plaintiff's motion for reconsideration after a juror, during jury selection, disclosed that he read a news account of Plaintiff's criminal trial indicating that Plaintiff was acquitted.

Subsequently, the Court agreed to Defendants' request to instruct the jury that the evidence it heard at trial regarding Plaintiff's criminal charges and acquittal was irrelevant to determining whether Plaintiff's resignation was involuntary. The Court further agreed to Plaintiff's request for an instruction that the evidence of the criminal charges and acquittal "may have some bearing" in determining Plaintiff's damages.

It is clear to the Court that the verdict was not based on anger towards the Defendants regarding Plaintiff's criminal prosecution. Rather, the verdict recognized the damages that flowed from the denial of Plaintiff's due process rights and the humiliation that Plaintiff endured. Plaintiff's expert addressed an economic loss of approximately $521,000.00 and the jury returned a verdict of approximately the same amount for Plaintiff's non-economic damages. Taken as a whole, the Court's instruction was proper and the jury's verdict was a measured assessment of the impact that the due process deprivation had on the Plaintiff.

**2. The Court Properly Declined to Instruct the Jury Regarding Contributory Negligence**

Defendants properly note that in North Carolina, contributory negligence is ordinarily a question for the jury rather than an issue decided as a matter of law. *See Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 406 S.E.2d 856 (N.C. 1991). However, Defendants rely specifically on two cases that declined to apply contributory negligence to assert that the Court erred in not giving the instruction. *See Miller v. Miller*, 273 N.C. 228, 160 S.E. 65 (N.C. 1968); *Hummer v. Pulley, Watson, King & Lisher, P.A.*, 140 N.C. App. 270, 536 S.E.2d 349 (N.C. App. 2000). Under this Court's reading of *Miller*, Plaintiff was not required to

4

anticipate that Defendant Cunningham would give him misleading information when she confronted him about the allegations of inappropriate touching. *Hummer* only explains the difference between contributory negligence and the doctrine of avoidable consequences. These cases do not persuade the Court that a contributory negligence instruction would be proper in the instant matter. At trial Defendants failed to present evidence sufficient to support a contributory negligence instruction.

### 3. The Court Properly Declined to Instruct the Jury Regarding the § 1983 Affirmative Defense

Defendants argue that the Court erred in not allowing the jury to consider the affirmative defense that Plaintiff would have been terminated even if he received his hearing. At trial, CMS's Director of Employee Relations and 30(b)(6) witness regarding personnel policies, Janet Hamilton, conceded that she had "no idea" whether Plaintiff would have been terminated following a hearing. Additionally, the CMS Policy on Standards of Conduct state that "[a]ny form of unwelcome or inappropriate physical contact with a student... is grounds for discipline, up to and including immediate termination." In no way did Defendants present evidence, by way of testimony or document, that met the evidentiary burden necessary to require this Court to give an instruction on the § 1983 affirmative defense.[2]

---

[2]The standard is set forth in the case, *Montgomery v. City of Ardmore*, 365 F.3d 926, 937 (10th Cir. 2004), Defendants cite on this issue: "[I]f the employer can establish that the employee would have been terminated even if a proper hearing had been given, the terminated employee cannot receive damages stemming from the termination in an action for a procedural due process violation." *Id*.; *see McClure v. Indep. Sch. Dist. No. 16*, 228 F.3d 1205, 1213 (10th Cir. 2000) ("The [defendant] must establish, by a preponderance of the evidence, that it would have reached the same termination decision in any event. Unless the defendant carries that burden, the plaintiff is entitled to recover damages for the injury caused by the defendant's adverse action."); *Dill v. City of Edmond*, 155 F.3d 1193, 1209 (10th Cir. 1998) (plaintiff entitled to compensatory damages for adverse action when defendant failed to establish adverse action would have
5

### 4. The Verdict Form was Proper

Defendants request a new trial on the basis that Questions 1 and 5 because Question 1 omitted the elements of misrepresentation or coercion and the element of intent, and because Question 5 assumed that Defendant Cunningham was negligent without asking the jury to find the elements of negligence. The verdict form was proper because the Court instructed the jury on the elements of misrepresentation or coercion and the element of intent, and because the Court instructed the jury on the elements of negligence. Defendants cite no authority to support their argument regarding missing elements in a verdict form. Furthermore, Defendants own proposed verdict form [D.I. 50] omitted the "elements" of which Defendants complain.

### 5. The Jury Instructions on the Issue of Municipal Liability for the § 1983 Claim Were Proper

Defendants request a new trial on municipal liability based on the jury instructions. The Court does not find Defendants argument persuasive.

The Supreme Court held that the issue of who is the policymaker is a question of state law. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). The "trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor." *Jett*, 491 U.S. at 737. The Court must "ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue" and that "inquiry is dependent on an analysis of state law." *McMillan v. Monroe County, Ala.,* 520 U.S. 781, 785-86 (1997).

---

occurred even if due process had been provided).

Here, under N.C. Gen. Stat. § 115C-325(o) and Board Policy GCQC, the Board was not the policymaker. Rather, the superintendent was the policymaker and he could delegate his authority under Board policy and practice. This Court declared there was no dispute that CMS delegated authority to the Superintendent and then to Kay Auger. (Tr. 2/24/2012 pp. 11-13). To the limited extent that a factual inquiry was needed about the customary practice of the school district, the jury was properly instructed to determine if CMS delegated the policymaking function regarding resignations.

**IV. STANDARD OF REVIEW - JUDGMENT AS A MATTER OF LAW (RULE 50)**

Judgment as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." Fed. R. Civ. P. 50(a). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Sloane v. Equifax Info. Servs.,* 510 F.3d 495, 500 (4th Cir. 2007) (*citing Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)).

Pursuant to Rule 50, a party who moved for judgment as a matter of law at trial may, within twenty-eight days of the entry of judgment, renew the request for judgment as a matter of law. Fed. R. Civ. P. 50(b). In ruling on a renewed motion for judgment as a matter of law, a court has several options and may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law on the claims. Fed R. Civ. P. 50(b)(1)-(3). A "Rule 50(b) motion should be granted if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's

findings." *Konkel v. Bob Evans Farms, Inc.,* 165 F.3d 275, 279 (4th Cir. 1999) (*citing White v. Cnty. of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993)). A district court may grant judgment as a matter of law "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party..." *Cline v. Wal-Mart Stores, Inc.,* 144 F.3d 294, 301 (4th Cir. 1998) (*quoting Abasiekong v. City of Shelby*, 744 F.2d 1055, 1059 (4th Cir. 1984)). A renewed motion for judgment as a matter of law is properly granted "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Wheatley v. Wicomico Cnty., Md.,* 390 F.3d 328, 332 (4th Cir. 2004) (*citing Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995)).

## V.  ANALYSIS OF DEFENDANTS' RULE 50 MOTION

### 1. Defendants Request for Judgment as a Matter of Law on Municipal Liability is Denied

Defendants claim that the Plaintiff failed, at trial, to connect his § 1983 violation to Defendant Charlotte-Mecklenburg Board of Education. Defendants assert that the Board did not delegate its policymaking authority as to resignations, that it did not delegate authority to negotiate the terms of resignations or authority to allow someone to rescind, and that there was no evidence of customary practices that amounted to delegation of the Board's policymaking authority.

Contrary to Defendants' assertions, N.C. Gen. Stat. § 115C-325(o)[3] moved policymaking authority over resignations away from the school board and to the superintendent. Under Policy

---

[3] The only case to interpret this statute held that any action by a local board on a resignation was a "gratuitous and meaningless formality." *See Warren v. Buncombe County Bd. of Educ.*, 80 N.C. App. 656 at 659, 343 S.E.2d 225 at 227 (N.C. App. 1986).

8

GCQC, the Board delegated to the Superintendent and his designees any policymaking authority it might claim under § 115C-325(o). Additionally, evidence presented at trial showed that, as a matter of customary practice, resignation matters were delegated to the Assistant Superintendent for Human Resource and not reviewed by anyone above her. Accordingly, there was evidence to support the jury's finding on the issue of municipal liability and this Court will not disturb the jury's verdict.

**2. Defendants' Renewed Original Motion for Judgment as a Matter of Law [D.I. 56] is Denied**

On February 23, 2012, this Court denied certain portions of Defendants initial Motion for Judgment as a Matter of Law. Defendants present no compelling argument as to why this Court should overturn its past ruling and therefore, Defendants' Renewed Motion for Judgment as a Matter of Law is denied.

**VI. CONCLUSION**

For the reasons set forth herein, Defendants' Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law are DENIED.

IT IS SO ORDERED.

Signed: May 18, 2012

Graham C. Mullen
United States District Judge